UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | MAGISTRATE ACTION NO. C-12-347 |
| | § | |
| ROBERT L MCCHESTER JR | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR DETENTION AND SETTING OF BOND WITH CONDITIONS**

A detention hearing was held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). Testimony was heard from HSI Agent Clay Odom and a proffer accepted from defense counsel. The following findings are entered: (1) There is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 18 U.S.C. § 2422(b); and (2) The defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The evidence against the defendant is substantial. The victim, a minor child, identified the defendant, an adult, as the person with whom she communicated via their respective Facebook accounts and with whom she traded electronic text messages and phone calls regarding arrangements to have sexual intercourse. The findings and conclusions contained in the Pretrial Services Report are adopted as the court's own and supplemented by the proffer of defense counsel and the testimony of Agent Odom. The defendant is a United States citizen with no criminal history. He and his family appear to

have sufficient resources to secure his appearance. His parents have agreed to sign the bond as co-sureties and third party custodians and to supervise the defendant's bond conditions. The public can adequately be protected if the defendant is confined to his home and has no access to the internet, a cell phone, or other electronic means of communication. Bond is set at $100,000 with 20% cash deposit, or $20,000.

The following conditions of bond are set:

(1) The defendant's parents shall sign the bond and serve as co-sureties and third-party custodians; additional sureties, as determined by Pretrial Services, may be required to secure the full amount of the bond;

(2) Defendant shall reside with his parents, and shall be confined in their home at all times, except for absences pre-approved by this Pretrial Services Officer, including medical appointments, court hearings, visits with his attorney, and church services as set out below. This condition shall be monitored with the use of GPS tracking technology. The defendant shall follow all instructions regarding the use of the technology, and shall pay for all or part of the cost of the monitoring based on his ability to pay as determined by Pretrial Services;

(3) Travel is restricted to Nueces County only;

(4) Defendant shall surrender his passport within two days of release on bond. If the passport cannot be located, the defendant shall submit a notice to the State Department immediately and provide proof to Pretrial Services that he has done so;

(5) Defendant cannot apply for a passport or passport card while on release;

(6) Defendant shall not possess any firearms, explosives or dangerous weapons, and all must be removed from the defendant's parents' home before defendant is released on bond;

(7) There shall be no internet service at the defendant's home or his parents' home, and all computers, laptops, computer notebooks, cameras, and PDAs shall be removed from the defendant's home and his parent's home before he released on bond. Defendant is not permitted to access the Internet at any time;

(8) Defendant is not allowed to possess a cell phone, computer, laptop, computer notebook, camera, PDA, or any other electronic communication device while on bond;

(9) Defendant's parents may possess a cell phone but such phone may not be kept at their home;

(10) There shall be a land line home telephone present and active in the defendant's parents' home;

(11) There shall be no pornographic material available to the defendant while he is on bond;

(12) Defendant cannot have contact with any person under the age of 18 unless pre-approved by Pretrial Services;

(13) Defendant shall have no contact, directly or indirectly, with any person he knows to be a witness in this case;

(14) Defendant shall not go to any establishment catering to minor children including schools, child care centers, movie theaters, parks, or restaurants.

(15) Defendant is permitted to attend church worship services, but only if he is already an established member of a church and he is accompanied by one or both of his parents. He may not attend other church activities;

(16) Defendant and his parents must submit to Pretrial Services upon request copies of their cell phone, telephone, and cable or satellite television bills;

(17) Defendant and his parents must agree that their homes and automobiles may be searched by a Pretrial Services Officer or supervising officer upon request. Defendant must further agree that he and all personal items he possesses (i.e. backpack, briefcase, wallet, etc.) may be subject to search at any time by law enforcement or his Pretrial or supervising officer;

(18) Upon receipt of a motion, the government is permitted to monitor the land line home phone of the defendant's parents through the use of a trap and trace order. Defendant and his parents must consent to the placement of a trap and trace device on their phone to monitor numbers pulsed, dialed, and received (outgoing and incoming calls), but not the content of the calls.

(19) The Defendant shall undergo a mental health evaluation and participate in a treatment program if deemed necessary by Pretrial Services. The defendant will incur costs associated with the treatment based on his ability to pay as determined by Pretrial Services.

Unless and until the defendant is released on bond, he is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED this 17th day of April, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE